1
2
3
4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

5  UNITED STATES OF AMERICA,                    Criminal Case No. 22-CR-863 JO

6          Plaintiff,

7      v.                                       PROTECTIVE ORDER

8  MARVIN TOMS,

9          Defendant.

10

11      Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure pertaining to

12  pretrial discovery, and to prevent premature disclosure of evidence to other targets,

13  subjects, and witnesses of ongoing investigations,

14      IT IS HEREBY ORDERED that the defendant, counsel of record, and the counsel's

15  assistants, as hereafter defined, shall not disclose the substance of any discovery material

16  received from the Government in the above-captioned matter, including all Title III

17  documents, to any third party – including with any other defendant, defense counsel, or

18  counsel's assistants associated with this case – unless such material is already a matter of

19  public record, without prior approval of this Court;

20      Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure,

21      IT IS FURTHER ORDERED that the United States Attorney and the Assistant

22  United States Attorneys assigned to this case (hereafter collectively referred to as "the

23  Government") and their assistants, the defendant, counsel of record and counsel's

24  assistants, shall not disclose the substance of any discovery material produced to the

25  defendant or obtained by the Government from the defendant, unless such material is

26  already a matter of public record, to representatives of the media or other third parties not

27  involved in any way in the investigation or prosecution of the case;

28

Except that nothing contained herein shall prevent the Government, or any defendant or counsel of record, from disclosing such discovery material to any other attorneys working for the Government, the defendant or counsel of record, government agents (federal, state or local), private investigators, experts, secretaries, law clerks, paralegals, or any other person who is working for the Government or the defendant and counsel of record (collectively referred to as "assistants") in the investigation or preparation of this case or, with respect to the Government and its assistants only, in other criminal investigations, without prior court order;

Further, nothing contained herein shall preclude the Government, defendant or counsel of record, or respective assistants from conducting a normal investigation of the facts of this case on behalf of the Government or said defendant, or with respect to the Government and its assistants only, from conducting an investigation of other criminal activity, including interviewing witnesses disclosed by said discovery materials, or from taking statements from witnesses disclosed by said discovery materials, or from asking said witnesses if they themselves have made prior statements to the Government that are disclosed in the discovery materials, and about the contents of such statements. In connection with any such investigation, it shall not be necessary that the Government, the defendant or counsel of record, or counsel's respective assistants, obtain prior permission of this Court.

Further, this protective order shall apply to defendant, defense counsel, counsel's assistants, and any third parties otherwise retained by defendant or defense counsel as though defendant were the only person charged in this matter. Nothing in this protective order constitutes the formation of a joint defense agreement, or otherwise provides any person with the ability to share discovery or information with other persons charged in this matter in a way that would otherwise violate the terms of this protective order.

22-CR-863 JO

1    Should counsel withdraw or be disqualified from participation in this case, any

2  material received and any copies derived therefrom, shall be returned to the Government

3  within ten (10) days.

4    Defense counsel and the Government shall be required to communicate the

5  substance of this order and explain it to the client and assistants before disclosing the

6  substance of the discovery to the client or assistants.

7    **SO ORDERED**.

8

9  DATED:  June 14, 2022

10                                                    The Honorable Jinsook Ohta
                                                      UNITED STATES DISTRICT JUDGE

11

12    I consent to the entry of the attached protective order in Criminal Case No. 22-CR-

13  863 JO.

14    DATE:   June 14, 2022          /s/ *Owen Roth*
                                      OWEN ROTH

15                                    Assistant United States Attorney

16    DATE:   June 9 , 2022          /s/

17                                    DEFENSE COUNSEL
                                      Attorney for Defendant

18

19

20

21

22

23

24

25

26

27

28

22-CR-863 JO